# Tobin *v.* Kolb, Appellant.

*Equity—Injunction—Operation of factory at night—Burning—Refuse—Residential neighborhood.*

A decree restraining the operation of defendant's factory at night, and the burning of waste material in or about the factory, unless proper appliances were used to prevent the escape of ashes, cinder

and soot, will be sustained, where there was evidence that the
operation of the machinery in defendant's factory at night seriously
interfered with sleep, and impaired the health of one of the plain-
tiffs, and that the neighborhood had not entirely been given over
to industrial purposes.

Where business enterprises have so far invaded a residential
locality as to substantially interfere with its quiet and cleanliness,
it can no longer be classed as residential, but the test is as to
the immediate neighborhood, and so long as the more remote in-
dustrial developments have not destroyed the quiet and cleanliness of
plaintiffs' homes, they are entitled to protection from the immediate
encroachment which does.

Argued October 20, 1925. Appeal No. 184, October
T., 1925, by defendant, from decree of C. P. No. 4, Phil-
adelphia County, Sitting in Equity, December T., 1923,
No. 7574, in the case of Matthew Tobin and Mary E.
Tobin v. Louis J. Kolb. Before Porter, Hender-
son, Trexler, Keller, Linn and Gawthrop, JJ. Af-
firmed.

Bill in equity to restrain the operation of factory at
night. Before Audenried, P. J., Finletter and
McCullen, JJ.

The facts are stated in the opinion of the Superior
Court.

The court entered a decree restraining defendant
from operating his plant on Sundays and at night, and
from burning waste materials on his premises without
proper precautions to prevent ashes and cinder from
being deposited on plaintiffs' property. Defendant
appealed.

*Error assigned,* among others, was the decree of the
court.

*Layton M. Schoch,* for appellant.—The bill should
have been dismissed: Gorman v. McDermott, 42 Pa.
Superior Ct. 516; Krocker et al. v. Westmoreland Plan-
ing Mill Co., 274 Pa. 143; Rhodes et al. v. Dunbar et al.,
57 Pa. 274.

The business is lawful, carried on reasonably and is not a nuisance: Dennis v. Eckhardt, 3 Grant 390; Straus v. Barnett, 140 Pa. 111; Hafer v. Guynan, 7. D. R. 21; Prendergast v. Walls, 257 Pa. 547; McCaffrey's Appeal, 105 Pa. 253; Austin v. Converse, 219 Pa. 3.

*Francis Shunk Brown,* and with him *Charles McVeigh Willits.*—A nuisance may be abated in a neighborhood which is not distinctly residential: Collins v. Wayne Iron Works, 227 Pa. 326; Hustleton v. Park, 256 Pa. 255; Mitchell v. Guaranty Corp., 283 Pa. 361.

PER CURIAM, April 30, 1926:

This was a bill in equity to restrain and limit the operation of the factory of the defendant, erected upon property adjoining the residence owned and occupied by the plaintiffs. The case was heard on bill, replication and testimony; from the facts found thereon a final decree was entered, restraining the defendant from operating the factory on Sunday; operating the machinery and carrying on noises and offensive mechanical operations, work or processes in or about said factory during the night, that is to say, after 7 o'clock P. M. and before 7 o'clock A. M.; and burning waste or refuse materials of any kind in or about said factory building, unless the apparatus wherein the same is burned shall be fitted with appliances that shall serve to prevent the escape therefrom of ashes, soot, cinders or embers resulting from their combustion, into or upon the house and lot of the plaintiffs. The defendant has appealed.

A careful examination of the numerous assignments of error discloses no cause for reversal. The findings of fact by the learned judge of the court below are fully supported by competent evidence and warrant the conclusion at which he arrived and the final decree which was entered. The evidence produced by the

plaintiffs, if true, and the court found that it was, established that the noise, vibration, cinders and dirt coming from the factory to the defendant next door to the home of the plaintiffs, actually increased during the year 1923, and, as the last straw added to the previous load, made them miserable and unhappy. The operation of the machinery in defendant's factory at night caused vibration throughout the plaintiffs' residence and such noise as seriously to interfere with sleep, and has resulted in impairing the health of Mary E. Tobin, one of the plaintiffs. The court found as a fact that the neighborhood in which the properties in question were located could not be said to be strictly residential, nor, on the other hand, that it had been entirely given over to industrial purposes. "Where business enterprises, however, have so far invaded a residential locality as to substantially interfere with its quiet and cleanliness, it can no longer be classed as residential; but the test is as to the immediate neighborhood and not remote districts......So long as the more remote industrial developments have not destroyed the quiet and cleanliness of plaintiffs' homes, they are entitled to protection from this immediate encroachment which does": Mitchell v. Guaranty Corp. et al., 283 Pa. 361. The evidence produced by the defendant clearly indicated that the operation of the factory at night was not essential to the success of business, and that the factory had only been operated for a few nights in each year. The court did not err in restraining the operation of the factory at night: Collins v. Wayne Iron Works, 227 Pa. 326.

The decree is affirmed and the appeal dismissed, at cost of appellant.